1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JEFFREY CRAIG PARRISH, | No. 2:25-cv-0035 DC CSK P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| MARTIN GAMBOA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel.  On June 3, 2025, a motion for extension of time to file a reply to respondent's answer was filed, but the motion was signed by petitioner's father, Jeffrey C. Parrish Sr.  (ECF No. 18 at 2.)  As discussed below, petitioner is granted an extension of time to re-submit the motion bearing his own signature.

I.      MOTION FOR EXTENSION

Mr. Parrish, Sr., claims that on May 5, 2025, petitioner, a Level II inmate at Avenal State Prison, was transferred to Pleasant Valley State Prison ("PVSP"), which has no Level II program, and despite submitting multiple requests for library access noting his legal deadline, petitioner had not been granted library access as of June 27, 2025.  (Id. at 1-2.)  In addition, petitioner's father claims that recently a mailing from PVSP took 16 days to reach Oroville, California. Therefore, the motion was drafted by an inmate at another prison and sent to petitioner's parents for signing and processing; petitioner's father has power of attorney.  (Id. at 2.)

A copy of the power of attorney was not provided.

## II.     BACKGROUND

Respondent filed her answer on June 3, 2025.  Therefore, petitioner's reply was due on July 3, 2025.  (ECF No. 8.)  The motion for extension was filed on July 3, 2025.  (ECF No. 18.)  Although the motion was signed by petitioner's father on June 27, 2025, he does not receive benefit from the prison mailbox rule because petitioner's father is not incarcerated.  Motions for extensions of time should be filed well before the filing deadline.

The Court notes that petitioner timely filed his notice of change of address due to his recent nondisciplinary transfer; it was presented to prison staff for mailing on May 6, 2025, and was received by this Court on May 13, 2025.  (ECF No. 15.)

## III.    RULE 11

Rule 11 of the Federal Rules of Civil Procedure requires that every pleading must be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).  Jeffrey C. Parrish, Sr. is not an attorney licensed to practice law in the state of California.  He cannot file actions, sign pleadings for, or act on behalf of petitioner, even with a power of attorney.  Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (citations and internal quotation marks omitted); see also Drake v. Superior Court, 21 Cal. App. 4th 1826, 1830-32 (1994);[1] Arzamendi v. Wells Fargo Bank, N.A., 2018 WL 4616345, at *1 (E.D. Cal. Sept. 24, 2018) (finding that pro se plaintiff must personally sign any subsequent motion; "[a] family member may not sign on her behalf, even under a power of attorney.").

---

[1] Even though the power of attorney authorized Drake to act as agent for his principal in litigation, the court in Drake found that the unlicensed practice of law is prohibited in California, and the Power of Attorney Act did not provide an exception to this rule.  Before the Power of Attorney Act was passed, the law distinguished between an attorney in fact and an attorney at law, and stressed that a power of attorney does not authorize an attorney in fact to act as an attorney at law.  Drake, 21 Cal. App. 4th at 1830.  "If the rule were otherwise, the State Bar Act could be relegated to contempt by any layman who secured from his principal an ordinary power of attorney, for the purpose of representing him in pending litigation." Id. at 1831 (internal citation omitted).  Therefore, the court concluded, Drake could not "use the statutory form power of attorney as a device to practice law for his principal." Id. at 1832.

IV. DISCUSSION

Because it appears that petitioner and his father were under the misapprehension that Mr. Parrish, Sr., could sign the motion on petitioner's behalf, petitioner is granted an extension of time in which to correct the error. Fed. R. Civ. P. 11(a). To facilitate the correction, petitioner may add his signature to the motion for extension of time and return it to the Court. Failure to re-submit the motion for extension of time will result in an order striking the motion filed by petitioner's father. Id.

Because petitioner is under a Court deadline, a copy of this order is sent to the litigation coordinator at PVSP, who is requested to assist petitioner in obtaining access to the law library at PVSP.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send petitioner a copy of his father's motion (ECF No. 18) without the Court's filing banner.

2. Petitioner is granted twenty-one days from the date of this order to re-submit the motion for extension of time to file a reply to respondent's answer.

3. The Clerk of the Court is directed to send a copy of this order to the Pleasant Valley State Prison litigation coordinator, who is requested to assist petitioner in gaining access to the law library to meet this Court's deadline.

Dated: July 9, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/parr0035.poa

3